**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ANNABELLE SALINAS,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **CIVIL CASE NO. _____** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **FAMILY DOLLAR STORES OF** | § | |
| **TEXAS, LLC AND HELAYNA** | § | |
| **GUAJARDO** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS FAMILY DOLLAR STORES OF TEXAS, LLC'S AND HELAYNA
GUAJARDO'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81 and Local

Rule 81, Defendant FAMILY DOLLAR STORE OF TEXAS, LLC ("FAMILY DOLLAR") AND

HELAYNA GUAJARDO, ("GUAJARDO") remove to this Court, the state court action

described in Paragraph 1 below.  Pursuant to 28 U.S.C. § 1446(a), Family Dollar sets

forth the following "short and plain statement of the grounds for removal."

## I.
## THE REMOVED CASE

1.    The removed case is a civil action filed in the 229ᵗʰ Judicial District

Court of Duval County, Texas, on November 11, 2023, styled *Annabelle Salinas v.*

*Family Dollar Stores of Texas, LLC and Helayna Guajardo, et al.,* under Cause No.

DC-23-152 (the "State Court Action").

## II.
## DOCUMENTS FROM REMOVED ACTION

2.    Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 81 and 28 U.S.C. § 1446(a), Defendants Family Dollar and Helayna Guajardo attaches the following documents to this Notice of Removal:

(a)    A list of all parties in the case, their party type and current status;

(b)    a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c)    a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him;

(d)    A record of which parties have requested trial by jury; and

(e)    The name and address of the court from which the case is being removed.

## III.
## REMOVAL PROCEDURE

3.    Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the United States District Courts for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The Corpus Christi Division of the Southern District Court of Texas is the

United States district and division embracing Duval County, Texas, and the county in which the State Court Action is pending.

4.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "A"* and incorporated herein for all purposes.

5.     Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 229th Judicial District Court of Duval County, Texas, where the State Court Action is currently pending.

## IV.
## REMOVAL IS TIMELY

6.     According to the State Court Action file, Defendant Family Dollar was served with a copy of Plaintiff's Original Petition ("Petition") on November 21, 2023, through service on their respective registered agents. Defendant Guajardo was served with a copy of Plaintiff's Original Petition ("Petition") on November 21, 2023.

7.     Since the thirtieth day after service of the Petition on Defendants falls on December 20, 2023, this Notice of Removal is being timely filed within the time limits specified in 28 U.S.C. § 1446(b).

## V.
## VENUE IS PROPER

8.     The United States District Court for the Southern District of Texas – Corpus Christi Division, is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 229th Judicial District Court of Duval

County, Texas, is located within the jurisdiction of the United States District Court for the Southern District of Texas - Corpus Christi Division.

## VI.
## DIVERSITY OF CITIZENSHIP EXISTS

9.      This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446. Removal is proper because there is complete diversity between all of the parties.

10.      The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest *properly joined* and served as defendants are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be shown below.

11.      As admitted in the Petition, Plaintiff is a resident of Duval, County, Texas and is domiciled there.

12.      Defendant Family Dollar is a foreign limited liability company, organized and existing under the laws of the State of Virginia. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Family Dollar is not a citizen of the State of Texas.

13.      Plaintiff also sued Family Dollar Stores, Inc., Family Dollar, Inc., Family Dollar Holdings, Inc., Family Dollar Services, Inc., Family Dollar Services, Inc., Family Dollar Distribution, LLC, and Family Dollar GC, LLC.  None of these entities are citizens of the State of Texas and none of these entities controlled or

operated the premises in question, employed Defendant Guajardo, or had any relationship to the claims and causes of action asserted by Defendant. None of these entities have appeared and answered herein. As a result, the naming of any of these entities as Defendants does not defeat diversity.,

14.    This is a civil action relating to a negligence claim that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

### *Defendant Helayna Guajardo was improperly joined.*

15.    Plaintiff alleges in her Petition that Defendant Guajardo is an individual residing in Duval County, Texas. Defendant Guajardo was served with process within thirty (30) days of the filing of this Notice of Removal.

16.    At all times relevant hereto, Defendant Guajardo was and is employed by Defendant Family Dollar. At the time of the incident in question and at all times leading up to the incident in question, Defendant Guajardo was acting in the course and scope of her employment, was inside the store premises and had no involvement with the placement or location of the curb stop on the sidewalk outside of the store premises on which Plaintiff claims she tripped and fell.

17.    Defendant Family Dollar contends that Defendant Guajardo was improperly joined as a Defendant in this lawsuit in order to defeat diversity jurisdiction. Defendant Guajardo was named in the State Court Action solely in her

capacity as an employee of Defendant Family Dollar and she is not a necessary party to this lawsuit.

18.    It is well-settled in the Fifth Circuit that improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[1] To determine whether a non-diverse defendant is improperly joined, this Court must analyze whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the non-diverse defendant, which stated differently means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [it]."[2] There must be a reasonable possibility of recovery, not merely a theoretical one.[3]

19.    In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, this Court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the [petition] to determine whether the [petition] states "a claim under state law against the in-state defendant," or "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[4] In so doing, however, the court "takes into account all unchallenged factual allegations, including those alleged in the complaint, in the light most

---

[1]  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F .3d 568, 573 (5th Cir.2004) (en banc)(citation omitted).
[2]  *Id.*, 385 F.3d at 573.
[3]  *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007)(quotation marks and citation omitted).
[4]  *Smallwood,* 385 F.3d at 573

favorable to the plaintiff."[5] The inquiry does not end there however, because "[t]he focus of the inquiry must be on the joinder itself, not the merits of the plaintiff's case."[6]

20.    Plaintiff alleges claims of negligence, gross negligence and premises liability claim against Defendant Family Dollar and purportedly, a general negligence and negligent undertaking claim against Family Dollar employee, Defendant Guajardo. While this Court need not look at the merits of Plaintiff's claims against Defendant Guajardo, should the Court review the facts of these claims under a Rule 12(b)(6) summary standard, Defendants contend that Plaintiff has no reasonable probability of an actual recovery against Defendant Guajardo in her individual capacity.

21.    Plaintiff alleges that Defendant Guajardo was negligent in various acts and omissions at the time of the incident by, among other things, failing to keep the sidewalk/walkway safe and failing to warn Plaintiff of the allegedly dangerous condition of the premises. The negligence claims Plaintiff asserts against Defendant Guajardo arise *solely* from the employer/employee relationship between Defendant Family Dollar and Defendant Guajardo, which is supported by the Plaintiffs' pleadings.[7] The Petition states that, "The Plaintiff, Ms. Salinas, relied upon the employees of the store, to keep the premises reasonably safe

---

[5] *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir.2003).
[6] *Smallwood*, 385 F.3d at 573.
[7] *See* Pl. Original Petition, ¶ 3.7.

for an entrant/an invitee."[8] Clearly, Plaintiff's allegations of negligence, gross negligence, premises liability and negligent undertaking, including Defendant Guajardo's conduct, was performed in the course and scope of her employment with Defendant Family Dollar or within the authority delegated to Defendant Guajardo by Defendant Family Dollar.

22.    Plaintiff's causes of action against Defendant Guajardo are entirely dependent upon Defendant Guajardo's status and actions as an employee of Defendant Family Dollar, not in her individual capacity, despite Plaintiffs attempt to plead otherwise and attribute independent duties to Defendant Guajardo that are not supported and do not exist under Texas law. To establish a negligence cause of action, the Plaintiff must show a duty, a breach of that duty, and damages proximately caused by the breach.[9] Whether a duty exists is a threshold inquiry and a question of law and liability cannot be imposed on the defendant, here non-diverse Defendant Guajardo, if no duty exists.[10] The Texas Supreme Court provided guidance for this analysis in *Tri v. J.T.T.*[11] In that case the Court held that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act through individuals.[12] Defendant Guajardo's actions as an individual are distinctly

---

[8] *Id* at ¶ 3.7
[9] *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).
[10] *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).
[11] 162 S.W.3d 552 (Tex. 2005).
[12] *Tri v. J.T.T.,* 162 S.W.3d 552, 562-63 (Tex. 2005). (emphasis added).

intertwined with her employment by Defendant Family Dollar. Succinctly put, any duty owed by Defendant Guajardo is not an independent one that exists outside of the duties she was performing while in the course and scope of her employment with Defendant Family Dollar. Thus, the improper joinder doctrine prevents Plaintiff from defeating federal diversity jurisdiction simply by naming a non-diverse Defendant.[13] Based on all of the aforementioned, Defendant Guajardo has been improperly joined and her citizenship should be disregarded for purposes of determining jurisdiction. Therefore, because Plaintiff is a c i t i z e n of the State of Texas and Defendant Family Dollar is a citizen of the State of Virginia, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. Because Plaintiff is a citizen of the State of Texas and Defendant Family Dollar is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

23.    Because the Plaintiff is a resident of the State of Texas and Defendant FAMILY DOLLAR STORES OF TEXAS, LLC is not, and as Defendant Helayna Guajardo is fraudulently joined, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## VII.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

24.    Plaintiff alleges in her Original Petition that she seeks damages that exceed the monetary relief of $1,000,000.00.

---

[13] *Salazar v. Allstate Tex. Lloyd's, Inc.* 455 F.3d 571, 574 (5th Cir. 2006).

25.    Based on the aforementioned facts, the State Court Action may be removed to this Court by FAMILY DOLLAR in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; (iii) the amount in controversy requirement has been satisfied by the Plaintiff pleading monetary relief over $75,000.00.

## VIII.
## FILING OF REMOVAL PAPERS

26.    Pursuant to 28 U.S.C. § 1446(d), FAMILY DOLLAR is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 229th Judicial District Court of Duval County, Texas, in which this action was originally commenced.

## IX.
## CONCLUSION

27.    Defendants FAMILY DOLLAR STORE OF TEXAS, LLC and HELAYNA GUAJARDO hereby remove the above-captioned action from the 229th Judicial District Court of Duval County, Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas – Corpus Christi Division, as provided by law.

Respectfully Submitted,

**MAYER LLP**

By:   */s/ Douglas M. Walla*
     Robin R. Gant
     State Bar No. 24069754
     E-Mail: rgant@mayerllp.com
     750 North St. Paul Street, Suite 700
     Dallas, Texas 75201
     214.379.6900 / F: 214.379.6939
     *-and-*
     Douglas M. Walla
     State Bar No. 20759900
     E-Mail: dwalla@mayerllp.com
     2900 North Loop West, Suite 500
     Houston, Texas 77092
     713.487.2000 / F: 713.487.2019

**ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on December 20, 2023, the foregoing *Defendants Family Dollar Stores of Texas, LLC's and Helayna Guajardo's Notice of Removal* was electronically filed, as required by the United States District Court for the Southern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Southern District of Texas:

Jason F. DeSouza
Doyle Weaver
DESOUZA LAW, PC
4047 Naco Perrin, Suite 100
San Antonio, Texas 78217

***COUNSEL FOR PLAINTIFF***

☐ E-MAIL
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ E-FILE AND SERVE
☐ E-SERVICE ONLY
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

*/s/ Douglas M. Walla*
Douglas M. Walla